IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL E. DIAZ,   D.C. No. CIV S-07-0020-WBS-CMK-P
C.A. No. 07-16420
    Plaintiff,

  vs.   ORDER

D.K. SISTO, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. The matter is currently before the Ninth Circuit Court of Appeals pursuant to plaintiff's notice of appeal filed in the district court on August 7, 2007.[1]

    Plaintiff initiated this action with a document entitled "Motion for Emergency TRO Preliminary Injunction Per Fed. Rule of Civ. Proc. # 65," filed on January 4, 2007. Plaintiff did not pay the district court filing fees or seek leave to proceed in forma pauperis. On January 10, 2007, the court issued an order informing plaintiff that, in order to commence an action, he must file a complaint as required by Federal Rule of Civil Procedure 3. The court dismissed

---

[1] The notice of appeal was signed by plaintiff on August 1, 2007, and apparently delivered to prison officials for mailing on August 2, 2007.

1

plaintiff's initial document with leave to file a complaint under Rule 3 and directed the Clerk of the Court to forward to plaintiff the court's form for a civil rights complaint by a prisoner. The court also directed plaintiff to either pay the filing fees or file an application for leave to proceed in forma pauperis. Plaintiff was required to file a complaint and resolve fees within 30 days of the date of service of the January 10, 2007, order and was warned that failure to comply could result in dismissal of the action.

Plaintiff had not complied within the time specified in the January 10, 2007, order and, on February 16, 2007, the court issued an order directing plaintiff to show cause within 15 days why the action should not be dismissed for failure to prosecute and comply with the court's order. Plaintiff responded by filing a form civil rights complaint on February 20, 2007, and an application for leave to proceed in forma pauperis on February 27, 2007. Plaintiff also filed a second form complaint on February 27, 2007.[2] On February 28, 2007, the court issued an order discharging the order to show cause and noting that plaintiff's February 20, 2007, complaint was defective. Because plaintiff's February 27, 2007, application for leave to proceed in forma pauperis and corrected complaint had not been docketed at the time this order was signed, the court incorrectly noted that plaintiff had still not resolved fees. The order gave plaintiff another 30 days to file a complaint which complied with Rule 3 and to resolve fees.

On April 17, 2007, the court issued findings and recommendations that this action be dismissed for lack of prosecution and failure to comply with the court's orders. Two days later – on April 19, 2007 – plaintiff filed a first amended complaint. On July 5, 2007, the court issued an order adopting the April 17, 2007, findings and recommendations and issued judgment of dismissal. Plaintiff's February 27, 2007, and April 19, 2007, filings were overlooked when the findings and recommendations, order adopting, and final judgment were issued.

---

[2] The complaint filed on February 20, 2007, referred to additional pages which were not attached. It appears that plaintiff was attempting to correct this omission with his February 27, 2007, filing.

In light of the foregoing procedural history, the court concludes that the July 5, 2007, judgment was issued in error and hereby expresses its willingness to sua sponte correct the error. Federal Rule of Civil Procedure 60(a) allows the district court to sua sponte grant relief from a judgment issued in error during the pendency of an appeal so long as the appeal has not been docketed in the appellate court. After the appeal has been docketed, Rule 60(a) provides that relief from judgment may only be granted with leave of the appellate court. Because plaintiff's appeal has been docketed, the undersigned hereby requests leave of the appellate court in order to sua sponte grant relief from the July 5, 2007, judgment. If the appellate court returns jurisdiction over this case to the district court, the court will vacate the July 5, 2007, judgment and refer the matter to the magistrate judge to review plaintiff's request for leave to proceed in forma pauperis and his complaints.

Accordingly, IT IS HEREBY ORDERED that:

1. The district court expresses its willingness to sua sponte grant relief from the July 5, 2007, judgment pursuant to Federal Rule of Civil Procedure 60(a).

2. The district court requests leave of the appellate court to do so; and

3. The Clerk of the Court is directed to serve a copy of this order on the Motions Unit of the Ninth Circuit Court of Appeals.

DATED: August 24, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE