```
 1
 2
 3
 4
 5
 6
 7
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ, | No. CIV S-07-0020-WBS-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 14).

On July 24, 2008, the court issued an order discussing the numerous complaints plaintiff has filed in the case.  Plaintiff was informed therein that there was no way for the court to determine which complaint plaintiff intended to proceed on, and returned the recent filing to plaintiff in order for him to make that determination.  Plaintiff was provided an opportunity to resubmit the appropriate documents or file a second amended complaint within 30 days of that order.  He was warned that if he failed to do so, this case would proceed on his first amended complaint (Doc. 14).  To date, plaintiff has not filed a second amended complaint nor has he provided the court with any further direction as to his intention.  As such, this action will proceed

1

on the first amended complaint as discussed below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's complaint appears to allege a claim for deliberate indifference to a serious medical condition, in violation of the Eighth Amendment, for the defendants' refusal to provide plaintiff with insulin. He also appears to claim the defendants' refusal to provide him insulin is a result of racial discrimination and retaliation. For the most part, plaintiff's allegations are confusing, vague, and conclusory. In addition, plaintiff fails to link a majority of the named defendants to any alleged constitutional deprivation.

DISCUSSION

Plaintiff names several defendants in the caption of his complaint which he fails to allege any wrongdoing. The only factual allegations plaintiff makes are contained in a declaration plaintiff's has attached to his complaint. This declaration states several of the

defendants have refused him access to the clinic and refused to release him for his insulin injections.  His factual allegations are limited to the following individuals: Durfey, Gums, Orrick, Anderson, Chirilla, Cummins, Freese, Robinson, Kromann, Vela, McClain, Goodwin, and Morin.  As to these individuals, he specifically alleges Durfey, Gums, Anderson, Chirilla, Cummins, Freese, Vela, McClain, Goodwin and Morin refused to release him to receive his insulin.  He alleges Robinson and Kromann, in response to his complaints about not being released, told him they would "take care of it."  He alleges no facts as to any other defendant.

    To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

    The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also

demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Here, plaintiff fails to link several of the named defendants to any alleged constitutional violation.  He fails to allege any factual allegations against the following defendants:  Sisto, Rodriguez, Singh, Shockley, Sequira, Garnica, Flores, Parks, Zumwalt, Groeneweg, Hunter, Overstreet, Ferber, Copenhaver, Johnson, Martinez, Cervantes, and Corioso. He does, however, appear to have a cognizable Eighth Amendment claim against the individuals identified above as refusing to allow him to receive his insulin, including Durfey, Gums, Anderson, Chirilla, Cummins, Freese, Vela, McClain, Goodwin and Morin .

His claims against Robinson and Kromann are too vague for the court to find he has stated a cognizable claim.  He states in his complaint "On 11/7/06, 'complained to C/O Robinson and RN I. Kromann stated unequivocally 'We'll take care of it'."  (Doc. 14 at 15).  The court can assume that he complained to these two individuals about not receiving his insulin injection.  However, simply alleging these two individuals told plaintiff "we'll take care of it" fails to identify any wrongdoing.

CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is cautioned that the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). Failure to adhere to Rule 8's requirements may result in the dismissal of this action. Simply attaching exhibits to a complaint form is not sufficient to state a claim under Rule 8. Plaintiff must draft a complaint which contains a short and plain statements of the facts demonstrating how the specific defendants violated his constitutional rights.

Because the complaint appears to otherwise state cognizable claims against a few of the named defendants, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

DATED: December 1, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE