IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ, | No. CIV S-07-0020-WBS-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is a filing plaintiff titled "Motion for Emergency TRO and Preliminary and Permanent Injunction." (Doc. 40).

In this filing, plaintiff states the defendants are the State of California and Lt. Bender, as well as other prison officials.  He is complaining about events occurring in November 2007, relating to Lt. Bender's failure to follow medical orders for plaintiff's "lay-in" due to an injury.  This filing appears to be an exact duplicate of a previous filing (included in Doc. 27). Plaintiff was informed, in an order issued July 24, 2008, that there does not appear to be any relationship between the events he is complaining of in his recent filings, and the underlying issues in this case.  State of California and Lt. Bender are not defendants in this action.  The events plaintiff is complaining of occurred after this case was filed, and do not appear to be related to the defendants' failure to provide him insulin (the issue in this case).

1

1   Plaintiff was informed that if he was trying to file a new and separate civil rights action, it was perhaps incorrectly filed in this case. The court returned plaintiff's documents to him so that he may file it as a new action, if that was his intention. In addition, the court allowed plaintiff time to file a second amended complaint in this case. Plaintiff has not done so. Therefore, this case is proceeding on his first amended complaint (Doc. 14).[1]

Plaintiff has not followed the court's directions. If plaintiff wishes to litigate the claims asserted in his filing, he should do so by way of a separate action as instructed by the court in the July 24, 2008, order. Filing a motion for an injunction in this case is not the appropriate way to address the allegations he has against Lt. Bender, who is not a party to this action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The Clerk of the Court will again be directed to return plaintiff's documents associated with his January 16, 2009 filing (Doc. 40), and terminate Document 40 as a pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall return to plaintiff all documents associated with his January 16, 2009 filing (Doc. 40); and

2. The Clerk of the Court is directed to terminate Document 40 as a pending motion.

DATED: January 21, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] On January 15, 2008, the court found service of the first amended complaint appropriated for some of the named defendants, and directed plaintiff to complete and return the documents necessary to effect service as to these defendants within 30 days. Plaintiff is reminded of his obligation to timely return the service documents.