1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MIGUEL E. DIAZ,                           No. CIV S-07-0020-WBS-CMK-P

12                    Plaintiff,

13           vs.                                <u>FINDINGS AND RECOMMENDATIONS</u>

14    D.K. SISTO, et al.,

15                    Defendants.

16    _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 14).

19           The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne,</u>

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8          On December 2, 2008, the court issued an order informing plaintiff about the

9  deficiencies in his amended complaint.  The court allowed plaintiff an opportunity to file a

10  second amended complaint.  Plaintiff has not done so.  Accordingly, the undersigned will

11  recommend the dismissal of several of the defendants plaintiff names in his amended complaint.[1]

12

13                          **I.  PLAINTIFF'S ALLEGATIONS**

14          Plaintiff's complaint appears to allege a claim for deliberate indifference to a

15  serious medical condition, in violation of the Eighth Amendment, for the defendants' refusal to

16  provide plaintiff with insulin.  He also appears to claim the defendants' refusal to provide him

17  insulin is a result of racial discrimination and retaliation.  For the most part, plaintiff's allegations

18  are confusing, vague, and conclusory.  In addition, plaintiff fails to link a majority of the named

19  defendants to any alleged constitutional deprivation.

20

21                                  **II.  DISCUSSION**

22          Plaintiff names several defendants in the caption of his amended complaint

23  against whom he fails to allege any wrongdoing.  The only factual allegations plaintiff makes are

24  contained in a declaration plaintiff has attached to his complaint.  This declaration states several

25  _____

26          [1]     By separate order, the court authorizes service of the amended complaint on other
   defendants.

1   of the defendants have refused him access to the clinic and refused to release him for his insulin

2   injections.  His factual allegations are limited to the following individuals:  Durfey, Gums,

3   Orrick, Anderson, Chirilla, Cummins, Freese, Robinson, Kromann, Vela, McClain, Goodwin,

4   and Morin.  As to these individuals, he specifically alleges Durfey, Gums, Orrick, Anderson,

5   Chirilla, Cummins, Freese, Vela, McClain, Goodwin and Morin refused to release him to receive

6   his insulin.  He alleges Robinson and Kromann, in response to his complaints about not being

7   released, told him they would "take care of it."  He alleges no facts as to any other defendant.

8           As plaintiff was previously informed, to state a claim under 42 U.S.C. § 1983, the

9   plaintiff must allege an actual connection or link between the actions of the named defendants

10   and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo

11   v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a

12   constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

13   another's affirmative acts, or omits to perform an act which he is legally required to do that

14   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

15   Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel

16   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

17   Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's

18   causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th

19   Cir. 1988).

20           The treatment a prisoner receives in prison and the conditions under which the

21   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

25   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

26   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

1    "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

2    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

3    when two requirements are met: (1) objectively, the official's act or omission must be so serious

4    such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

5    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

6    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

7    official must have a "sufficiently culpable mind."  See id.

8         Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

9    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

10   105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

11   health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

12   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

13   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

14   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

15   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

16   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

17   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

18   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

19        The requirement of deliberate indifference is less stringent in medical needs cases

20   than in other Eighth Amendment contexts because the responsibility to provide inmates with

21   medical care does not generally conflict with competing penological concerns.  See McGuckin,

22   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

23   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

24   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

25   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

26   treatment, or interference with medical treatment, may also constitute deliberate indifference.

4

1  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

2  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

3        Here, plaintiff fails to link several of the named defendants to any alleged

4  constitutional violation.  He fails to allege any factual allegations against the following

5  defendants:  Sisto, Rodriguez, Singh, Shockley, Sequira, Garnica, Flores, Parks, Zumwalt,

6  Groeneweg, Hunter, Overstreet, Ferber, Copenhaver, Johnson, Martinez, Cervantes, and Corioso.

7  He makes some allegations against Robinson and Kromann, but these allegations are too vague

8  for the court to find he has stated a cognizable claim.  He states in his complaint "On 11/7/06,

9  'complained to C/O Robinson and RN I. Kromann stated unequivocally 'We'll take care of it'."

10  (Doc. 14 at 15).  The court can assume that he complained to these two individuals about not

11  receiving his insulin injection.  However, simply alleging these two individuals told plaintiff

12  "we'll take care of it" fails to identify any wrongdoing.

13

14                   **III.  CONCLUSION**

15        Plaintiff was provided an opportunity to cure the defects identified in his amended

16  complaint.  Plaintiff's failure to file a second amended complaint indicates he is either unable or

17  unwilling to cure the defects.

18        Based on the foregoing, the undersigned recommends that defendants Sisto,

19  Rodriguez, Singh, Shockley, Sequira, Garnica, Flores, Parks, Zumwalt, Groeneweg, Hunter,

20  Overstreet, Ferber, Copenhaver, Johnson, Martinez, Cervantes, Corioso, Robinson and Kromann

21  be dismissed from this action and this matter proceed as against defendants Durfey, Gums,

22  Orrick, Anderson, Chirilla, Cummins, Freese, Vela, McClain, Goodwin and Morin only.

23        These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  Failure to file objections within the specified time may waive
2   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3
4     DATED: January 26, 2009
5
6                                                CRAIG M. KELLISON
                                                 UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26